77IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>MARIO J. RAINONE,<br><br>        Defendant. | Case No. 09 CR 206-1<br><br>Judge Harry D. Leinenweber |

## ORDER

Defendant Mario Rainone's ("Rainone") Motion for a Sentence Reduction (Dkt. No. 173) is granted. Accordingly, the Court reduces his sentence to time served and orders his immediate release, while leaving intact all other aspects of his criminal conviction.

## STATEMENT

### I. BACKGROUND

Defendant Mario Rainone has been in prison since 2009. (Presentence Report at 4, Dkt. No. 122.) Suspecting him to be involved in a string of residential burglaries and commercial thefts, authorities searched his home and found a stolen gun in his nightstand. (Sentencing Tr. at 15, Dkt. No. 167.) Due to his long criminal history, Rainone was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), went to trial, and was convicted. In 2014, the Court sentenced Rainone to a mandatory minimum term of 180 months in prison because of his status as an armed career criminal. (*Id.* at 26.) That 180-month term did not start until Rainone served state

prison terms for burglary and for violating his supervised release. (*Id.*) For that reason, Rainone is currently scheduled to be released in September 2028.

Rainone is 65 years old and claims to suffer from health problems including possible skin cancer, cataracts, liver disease, heart issues, and breathing problems. Given his advanced age, he is of course more susceptible to major complications arising in the event of a COVID-19 infection.

Considering the COVID-19 outbreak, which has been especially severe in BOP facilities, Rainone requests the Court grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act").

## II. **DISCUSSION**

Section 603 of the First Step Act amended § 3582(c)(1)(A) to allow defendants to petition courts directly for compassionate release the earlier of either fully exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion [for compassionate release] on the defendant's behalf" or after 30 days of the facility warden receiving the defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A); First Step Act § 603. Rainone filed his request for compassionate release with the BOP on April 12, 2020, and this Motion on May 19, 2020. Accordingly, Rainone has satisfied the exhaustion requirement.

Rainone asks the Court to release him to home confinement or for compassionate release. Because the parties do not point to any statutory authority allowing courts to order BOP to allow a defendant to serve a lengthy time under home confinement, the Court will consider a sentence reduction. A sentencing court can reduce an imposed sentence upon a showing of "extraordinary and compelling

reasons" warranting a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Two things are statutorily required for the Court to reduce a sentence because of extraordinary and compelling circumstances. The Court must first find that the reduction conforms with "applicable policy statements issued by the Sentencing Commission;" second, the Court must consider "the factors set forth in [18 U.S.C. §] 3553(a)." *Id.* § 3582(c)(1).

### A. U.S. Sentencing Commission Policy Statements

A court's order for a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission guidelines state that "the court may reduce a term of imprisonment . . . if, after considering [the § 3553(a) factors] . . . the court determines" that: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g); and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

#### 1. *Extraordinary and Compelling Circumstances*

Accordingly, courts must first determine whether a defendant has extraordinary and compelling reasons warranting a sentence reduction. The Sentencing Commission outlines four situations where extraordinary and compelling reasons exist:

1. If a Defendant suffers from a terminal illness or a serious medical condition, a serious functional or cognitive impairment, or experiences "deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" *Id.* § 1B1.13 cmt. n.1(A).

2. If a defendant is at least 65 years old, is experiencing serious deterioration in health because of aging, and has served at least ten years or 75

   percent of his sentence, whichever is less. *Id.* § 1.B1.13 cmt. n.1(B).

   3. The defendant's family circumstances warrant release, including the death or incapacitation of the caregiver of the defendant's minor children or the incapacitation of the defendant's partner, if the defendant would be the only available caregiver. *Id.* § 1.B1.13 cmt. n.1(C).

   4. If "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1.B1.13 cmt. n.1(D).

U.S.S.G. § 1B1.13 cmt. n. 1.

This fourth factor evinces broad discretion for the BOP and courts in determining what constitutes an extraordinary and compelling circumstance. The COVID-19 situation in BOP facilities places some inmates at a higher risk of developing serious complications in the event of exposure. A "once-in-a-century pandemic" is an "extraordinary and compelling" circumstance. *See* Bill Gates, *Responding to Covid-19—A Once-in-a-Century-Pandemic?* NEW ENG. J. OF MED. (Feb. 28, 2020.) Indeed, the U.S.S.G. commentary reinforces the grant of authority to decision-makers to determine what is an extraordinary and compelling circumstance: "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1.B1.13 cmt. n. 2. Finally, the Sentencing Commission policy statements recognize the discretion and power of courts in deciding whose circumstances qualify as extraordinary and compelling:

> The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of the reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's

>medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

U.S.S.G. § 1.B1.13 cmt. n.4.

Accordingly, the Court finds that the COVID-19 pandemic, Rainone's relatively advanced age, and other health problems are circumstances that would allow the Court to use its discretion to grant a sentence reduction. Rainone's ailments will get worse as time goes on, and if he is infected with COVID-19, his advanced age makes it more likely that he will experience major complications.

### *2. Danger to Community*

The Sentencing Commission also requires the Court determine whether a defendant is a danger to his community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2). The relevant factors in this section are: (1) the nature of the charged offense; (2) the defendant's history and characteristics, including the person's character and whether the person was on parole or probation at the time of the offense; and (3) the nature and seriousness of the danger to the community posed by the person's release. 18 U.S.C. § 3142(g)(1)–(4).

Although it is a close question, the Court finds it unlikely that Rainone will pose a danger to his community. The Court notes first the second consideration, the defendant's history and characteristics. Rainone was on supervised release at the time of his offense, and he has a long criminal history. Rainone spent a career as a street enforcer for Chicago's most notorious organized crime group, the Chicago Outfit. The Court does not make light of this history: he has led a life of crime. However, as to the first and third factors, the Government does not accuse Rainone of any violent crime after his major racketeering conviction in 1992, for which he was sentenced to 210 months in prison. Indeed, Rainone

has been in prison since 2009 for having a gun in his nightstand and for his involvement in burglaries. These are serious crimes, but nobody was hurt, and Rainone has maintained a record of good behavior during his incarceration. Finally, the Court is optimistic that Rainone understands that given his long criminal history and his advancing age, he is likely to spend the rest of his natural life imprisoned if he breaks the law again. For these reasons, the Court finds that Rainone likely poses no immediate danger to his community.

### 3. Consistency with Policy Statement

The third § 1.B1.13 factor is that "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(3). The commentary states that any "reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement." *Id.* § 1.B1.13 cmt. n. 5. Although this comment makes no mention of the court's role, the Commission created the commentary before the First Step Act amended § 3582 to allow prisoners to petition courts directly. For this reason and for the reasons stated in the Court's analysis of subdivisions (1) and (2), the Court finds that reducing Rainone's sentence is consistent with the policy statement.

### B. Section 3553(a) Factors

After determining that a sentence reduction is consistent with the Sentencing Commission policy guidelines, the Court turns to the § 3553(a) factors. Any sentence reduction must comport with the statute. These factors require courts to consider both utilitarian and retributivist principles in imposing sentences: defendants should receive sentences of adequate length relative to the severity of their crimes, and also long enough to make them examples to others who consider committing similar crimes. *See generally* 18 U.S.C. § 3553(a). In this case, the most relevant

factors include: (1) "the nature and circumstances of the offense, and the history and characteristics of the defendant;" (2) the need for the sentence imposed to provide the defendant with needed medical care in the most effective manner; (3) to afford adequate deterrence; and (4) to protect the public." *Id.*

An evaluation of the § 3553(a) factors demonstrates that a sentence reduction is warranted. Here, the most important factor involves medical care and the COVID-19 crisis. Rainone's relatively advanced age makes him more likely to experience serious complications if he contracts COVID-19. The Court can also see no further deterrent value in forcing Rainone to serve the remainder of his sentence in BOP facilities notwithstanding the pandemic. Rainone has already served eleven years between his state and federal sentences for burglary and possession of a gun, and the marginal deterrent value of keeping Rainone incarcerated for another eight years is minimal. Finally, although Rainone has a long criminal history, he has not been accused of any violent crimes in decades and has kept a good record of behavior during his most recent prison term. "Although persons 65 and older are 13 percent of the population, they accounted for only seven-tenths of one percent of arrests in 2010." *United States v. Craig*, 703 F.3d 1001, 1003 (7th Cir. 2012) (Posner, J. concurring). It is commonly known that recidivism reduces with age, and statistically Rainone's age bracket makes him less likely to reoffend. The Court notes the Government's citation to several cases where Chicago Outfit members in their 70s and 80s were arrested, charged, and convicted with planning to commit violent crimes, but the Court is optimistic that these cases will serve as an example to Rainone: this is his last chance. Accordingly, the Court finds that the § 3553(a) factors allow for a reduction in Rainone's sentence.

- 8 -

### III. <u>CONCLUSION</u>

Thus, the Court finds that the § 3553(a) factors and the Sentencing Commission's policy statements, considered in concert, allow the Court to use its discretion to find Rainone qualified for compassionate release based on extraordinary and compelling circumstances; the Court further finds that a reduction is warranted. For these reasons, the Court uses its discretion to grant Rainone a sentence reduction and compassionate release.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 6/19/2020